*Northern District*
No. 8228
**LAWRENCE H. SMITH**
v.
**CLEVELAND C. GROSSETT**
v.
**ASSOCIATED MERCHANTS MUTUAL
INSURANCE COMPANY,**
Third-Party Defendant

Argued: Sept. 19, 1974 - Decided: Oct. 22, 1974

*Present:* Bacigalupo, J. (Presiding), Flynn,
Forte, JJ.

Case tried to *Troy, J.,* Rulings on Demurrer
and Answer in Abatement, *Tiffany, J.,* Appointed to Settle Report, in the Municipal
Court of the Dorchester District, No. 48342.

**Forte, J.** This is a report from the third-party defendant's answer in abatement and
demurrer being sustained.

An action in tort for property damage resulting from a motor vehicle accident occurring
on December 5, 1970 was properly commenced
by Lawrence H. Smith against Grossett, who
upon motion, was permitted to implead the
third-party defendant. Grossett's third-party

declaration is in one count in contract alleging the third-party defendant issued to Grossett an insurance policy covering Grossett for property damage liability for the period April 1, 1970 through December 1970, and, contrary to the terms of said policy, the third-party defendant refuses to defend Grossett and to assume any liability if liability is found to exist in the original action. Grossett alleges he has complied with all requirements of said policy. A copy of the insurance policy is incorporated in and attached to the third-party declaration.

The third-party defendant filed an answer in abatement and a demurrer, both of which were sustained by the trial justice.

The answer in abatement reads:

> "Now comes the third-party defendant, and without waiving its demurrer or answer filed, herewith and expressly relying thereon, says that the declaration of the third-party plaintiff should be abated, because the declaration against the third-party defendant sounds in contract, whereas the original action sounds in tort and the addition of the third-party declaration to the original action is a misjoinder of actions."

The causes assigned in the demurrer are as follows:

> "1. The allegations contained in the plaintiff's declaration do not set forth a

legal cause of action with substantial certainty.

"2. The allegations contained in the plaintiff's declaration do not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action.

"3. The allegations contained in the plaintiff's declaration are insufficient in law to enable the plaintiff to maintain his action.

"4. The plaintiff has failed to comply with the 11th clause of Section 7 of Chapter 321 of the General Laws of the Commonwealth of Massachusetts, by failing to annex to his declaration a copy of the contract declared upon, or has failed to set forth the legal effect of such contract of part of such contract declared upon.

"5. That the third-party plaintiff's rights against the third-party defendant arise out of a contract between the parties and he has sought to join the third-party defendant in a tort action."

Because the trial justice who sustained the demurrer and answer in abatement was no longer available, the Chief Justice pursuant to Rule 30A of the District Court Rules appointed Justice Tiffany to settle the Report.

In its brief and more particularly at argument, the third-party defendant concedes the only grounds for sustaining the demurrer and answer in abatement rests upon:

1. A defendant in an action of tort cannot by G.L. c. 231 § 4B implead in contract a third-party defendant.

2. To quote the third-party defendant's brief in its entirety:

> "The third-party action is based upon the premise that a valid contract exists between the third-party plaintiff and the third-party defendant. The answer in this case denies such a contract. The third-party plaintiff has failed to append such a valid and existing contract and/or proof thereof.
>
> Therefore, the demurrer should be sustained."

I. Without commenting whether the answer in abatement was the proper pleading to raise the first issue, we look at the substance of the answer and find there was error in sustaining said answer in abatement. This issue was decided in *Jenkins* v. *General Accident Fire and Life Assurance Corporation, Limited,* 349 Mass. 699 (1965) wherein the court held that a defendant sued in an action of tort for personal injuries may by G.L. c. 231, § 4B implied his insurer as a third-party defendant. G.L. c. 231, § 4B applies to District Courts. St. 1966, c. 88.

II. There was error in sustaining the demurrer.

A demurrer admits all allegations well pleaded in a declaration and exhibits incorporated in and attached thereto. *Kapinos* v.

*Chicopee,* 344 Mass. 196, 197 (1956). Therefore, the demurrer admitted the validity of the contract of insurance, which was incorporated in and attached to the third-party declaration, even though the third-party defendant's answer denies the existence of a valid contract of insurance.

The answer in abatement and the demurrer are overruled and the action restored to the trial list of the Municipal Court of Dorchester.